■ In the Matter of WARREN W., a Person Alleged to Be a Juvenile Delinquent, Appellant.—Appeal from an order of disposition of the Family Court, Queens County, dated June 23, 1978, which, upon a fact-finding determination dated June 15, 1978, and made after a hearing, that appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree, reckless endangerment in the second degree, menacing and criminal possession of a weapon in the fourth degree, placed him with the Division for Youth, Title III, for a period not to exceed 18 months. The appeal brings up for review the said fact-finding determination. Fact-finding determination modified, on the law,

by deleting therefrom the adjudication that the acts in question would have constituted the above crimes, and substituting therefor an adjudication that such acts would have constituted the crime of assault in the third degree. As so modified, fact-finding determination affirmed, without costs or disbursements. The findings of fact are affirmed. Order of disposition reversed, on the law, without costs or disbursements, and case remitted to the Family Court for the holding of a new dispositional hearing, before a different Judge, in accordance herewith. A review of the record of the fact-finding hearing indicates that there was a failure to prove beyond a reasonable doubt that the victim of the assault suffered the "serious physical injury" which is an essential element of the crime of assault in the second degree. The record does, however, indicate that the essential elements of the crime of assault in the third degree were established. The Corporation Counsel concedes that the crimes of criminal possession of a weapon in the fourth degree and menacing are "lesser included offenses" of the assault and that the proof is insufficient to sustain the finding of reckless endangerment in the second degree. Accordingly, those findings are dismissed. At the close of the fact-finding hearing, the Judge committed a serious error in informing the appellant that he intended to place him in Title III, where "they can put him where they want." At the dispositional hearing, the court heard only the probation officer's recommendation of Title III placement and issued the order appealed from. It is axiomatic that the court should not preconceive the disposition, but should conduct an inquiry "into the surroundings, conditions and capacities" of the juvenile (see Family Ct Act, § 749, subd [b]) to determine "whether the [juvenile] requires supervision, treatment or confinement" (see Family Ct Act, § 712, subd [g]). Furthermore, section 711 of the Family Court Act provides that "the court shall consider the needs and best interests of the [juvenile] as well as the need for protection of the community." We therefore reverse and remand this proceeding to the Family Court for a new dispositional hearing before another Judge, in accordance with this decision. It would be appropriate for the court to have psychiatric and psychological reports, including an educational evaluation, prior to making a disposition. Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.