■ In the Matter of MARK W., Appellant.—Appeal from an order of disposition of the Family Court, Nassau County, entered November 7, 1979,

which, upon a fact-finding determination dated October 18, 1979 and made after a hearing, that appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the first degree (two counts) (Penal Law, § 120.10, subds 1, 4) and aggravated sexual abuse (Penal Law, § 130.70, subd 1, par [c]), placed him with the Division for Youth, Title III, for a period not to exceed 18 months. The appeal brings up for review the said fact-finding determination. Fact-finding determination modified, on the law, by deleting therefrom the adjudication that the acts in question would have constituted the crimes of aggravated sexual abuse and assault in the first degree under subdivision 4 of section 120.10 of the Penal Law. As so modified, fact-finding determination affirmed, without costs or disbursements. The findings of fact are affirmed. Order of disposition affirmed, without costs or disbursements. A review of the record of the fact-finding hearing indicated that there was a failure to prove beyond a reasonable doubt that the appellant inserted a foreign object in the rectum of the six-year-old victim, an essential element of the crime of aggravated sexual abuse. Upon the failure of proof with respect to the acts constituting that crime, it follows that the charge against the appellant of assault in the first degree based upon subdivision 4 of section 120.10 of the Penal Law cannot be sustained, as the acts of the appellant were not committed "[i]n the course of and in furtherance of the commission or attempted commission of a felony [i.e., aggravated sexual abuse] or of immediate flight therefrom". Accordingly, those findings of the Family Court are dismissed. However, the record does indicate that the essential elements of the crime of assault in the first degree under subdivision 1 of section 120.10 of the Penal Law were proven beyond a reasonable doubt. The record reflects that the testimony of the nine-year-old witness was sworn testimony and adequately corroborated the unsworn testimony of the six-year-old victim of the assault (see CPL 60.20). Therefore, the Family Court's fact-finding determination that appellant had committed acts which, if committed by an adult, would constitute the crime of assault in the first degree under subdivision 1 of section 120.10 of the Penal Law is affirmed. The record establishes that prior to placing the appellant with the Division for Youth for a period not to exceed 18 months, the Family Court inquired "into the surroundings, conditions and capacities" of the juvenile (see Family Ct Act, § 749, subd [b]) to determine "whether the [juvenile] requires supervision, treatment or confinement" (see Family Ct Act, § 712, subd [g]). The record also reflects that the court utilized a probation report and psychiatric and psychological evaluations (see Family Ct Act, § 750, subd 3) and considered "the needs and best interests of the [juvenile] as well as the need for protection of the community" (see Family Ct Act, § 711). Accordingly, there is no reason or requirement in the instant case for the Family Court to hold a new dispositional hearing (cf. *Matter of Warren W.,* 72 AD2d 585). Lazer, J. P., Mangano, Gibbons and Cohalan, JJ., concur.